

Activity in Case 8:10-cv-01803-CJC -PJW Darrin Erlichman v. Stater Bros Markets et al Amended Appeal to 9th Circuit Court of Appeals
cacd_ecfmail
to:
ecfnef
04/30/2012 11:46 PM
Hide Details
From: cacd_ecfmail@cacd.uscourts.gov

To: ecfnef@cacd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Fiola, Dale on 4/30/2012 at 11:45 PM PDT and filed on 4/30/2012
**Case Name:**     Darrin Erlichman v. Stater Bros Markets et al
**Case Number:**     8:10-cv-01803-CJC -PJW
**Filer:**     Darrin Erlichman
**WARNING: CASE CLOSED on 03/29/2012**
**Document Number:** 78

12-55797

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY - 1 2012

FILED_____
DOCKETED_____
DATE        INITIAL

**Docket Text:**
**First AMENDED NOTICE OF APPEAL to 9th CIRCUIT filed by Plaintff/Appellant Darrin Erlichman. Amending Notice of Appeal to 9th Circuit Court of Appeals, [77], Notice of Appeal to 9th Circuit Court of Appeals, [36] Filed On: April 30, 2012; Entered On: April 30, 2012; (Attachments: # (1) Local 324's Order Granting Summary Judgment, # (2) Local 324's Summary Judgment, # (3) Stater Bros. Markets' Order Granting Summary Judgment, # (4) Order Denying Plaintiff's Relief From Summary Judgment in Favor of Local 324)(Fiola, Dale)**

**8:10-cv-01803-CJC -PJW Notice has been electronically mailed to:**

Andrew Ross     andrew.ross@varnerbrandt.com

Name _____

Address _____

City, State, Zip _____

Phone _____

Fax _____

E-Mail _____

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | |
| v. | **NOTICE OF APPEAL** |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):

☒ Judgment (specify):

☒ Other (specify):

Imposed or Filed on _____. Entered on the docket in this action on _____

A copy of said judgment or order is attached hereto.

_____          _____

Date                                    Signature
                                        ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:**   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

|  |  |
|---|---|
| DARRIN ERLICHMAN, <br><br> **Plaintiff,** <br><br> vs. <br><br> **STATER BROS. MARKETS, UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL UNION 324,** <br><br> **Defendants.** | Case No.: SACV 10-01803-CJC(PJWx) <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SANCTIONS** |

## INTRODUCTION

Plaintiff Darrin Erlichman filed this suit against Defendants United Food & Commercial Workers Union, Local Number 324 ("Local 324") and Stater Bros. Markets ("Stater Bros.") alleging claims related to Stater Bros.' discharge of Mr. Erlichman. Local 324's motion for summary judgment challenges Mr. Erlichman's claims against it for (1) breach of collective bargaining agreement and (2) failure to provide fair

1    representation.  Having considered the papers, evidence, and oral argument presented by

2    the parties, the Court GRANTS Local 324's motion for summary judgment because the

3    collective bargaining agreement did not give rise to any obligations that Local 324 owed

4    to Mr. Erlichman and breached, and there is no genuine issue of material fact that Local

5    324 fairly represented Mr. Erlichman.[1]  Local 324's motion for sanctions is DENIED.

6

7    **BACKGROUND**

8

9       Mr. Erlichman began working at Stater Bros. on March 6, 2000 as a meat clerk.

10    Erlichman Decl. ¶ 2.  He was later promoted to the position of meat cutter.  *Id.*  On

11    March 30, 2010, Stater Bros. received two customer complaints concerning Mr.

12    Erlichman's performance as an employee.  *Id.* at ¶ 5; Compl. ¶ 20.  The first complaint

13    was a written complaint from a customer that asserted that Mr. Erlichman had caused

14    cross-contamination of meat products when he was filling an order by allowing some

15    pieces of turkey to fall into a barrel containing marinated chicken and that he did not

16    promptly dispose of the products to address the contamination problem.  Erlichman Decl.

17    ¶ 5(b); Adinolfi Decl. Ex. 11 (assistant manager's statement concerning cross-

18    contamination complaint).  In the second instance, a customer complained to Mr.

19    Erlichman's manager that Mr. Erlichman had said that he was "too busy" to help the

20    customer when the customer requested that he cut some sirloin steak to order.  Erlichman

21    Decl. ¶ 5(c).

22

23       Mr. Erlichman disputes the legitimacy of these complaints but does not deny their

24    existence or that Local 324 became aware of them.  *Id.* ¶¶ 5–6.  With respect to the

25    second complaint, Local 324 has provided statements from the store managers who

26    confronted Mr. Erlichman after the encountering the upset customer.  According to both

27

28    [1] At oral argument on the present motion, Local 324 represented that it was dismissing its counterclaim
against Mr. Erlichman and withdrawing its motion as to that counterclaim.

Mr. Erlichman's store manager and grocery supervisor, Mr. Erlichman admitted that he

told the customer that he was too busy to cut the sirloin steak. *See* Adinolfi Decl. Exs. 9

(store manager's statement), 10 (grocery supervisor's statement).

On March 31, 2010, Mr. Erlichman was indefinitely suspended. Erlichman Decl.

¶ 9. He filed a grievance with Local 324 on the same day. *Id.* At a meeting held on

April 6, 2010 attended by Mr. Erlichman, his union representative, and Stater Bros.'

human resources representative, Stater Bros. informed Mr. Erlichman that it was

terminating his employment. *Id.* ¶ 10. Mr. Erlichman's union representative called Mr.

Erlichman on April 7, 2010 to confirm that he had been terminated. *Id.* ¶ 11.

Mr. Erlichman continued to challenge his termination through union channels. *Id.*

Pursuant to the collective bargaining agreement between Local 324 and Stater Bros.,

Stater Bros. may discharge employees for good cause. Adinolfi Decl. Ex. 3, at 19 (Art. 3

§ A(1)). The collective bargaining agreement also contains a multi-step grievance

procedure that culminates in binding arbitration in appropriate cases. *Id.* at 48–51 (Art.

12). In this case, Local 324's grievance review committee met on April 22, 2010 to

consider Mr. Erlichman's grievance. Adinolfi Decl. ¶ 15. None of the members of the

committee had a personal relationship with Mr. Erlichman. *Id.*

At the time of the April 22, 2010 meeting, the committee was aware of: (1) the two

March 2010 complaints against Mr. Erlichman, (2) a prior written warning notice

concerning a customer complaint dated June 26, 2009, and (3) several oral warnings

received by Mr. Erlichman after June 26, 2009. *Id.* ¶¶ 16–18. Based on this information,

the committee tentatively recommended that Mr. Erlichman's grievance be arbitrated. *Id.*

¶ 18. The committee also recommended that additional information as to Mr.

Erlichman's past discipline be collected and that Mr. Erlichman attend anger

management. *Id.*

On or about May 3, 2010, Mr. Erlichman's union representative obtained the June 26, 2009 written warning notice as well as six additional written warning notices related to customer complaints that were signed by Mr. Erlichman and dated between March 30, 2000 and July 23, 2008. *Id.* ¶ 19; *Id.* Ex. 8. Mr. Erlichman did not challenge any of these prior written warning notices through the grievance procedures. Adinolfi Decl. ¶ 19. Local 324 also received the written statements from managers at Mr. Erlichman's store concerning the two March 2010 customer complaints. *Id.* ¶ 20; *Id.* Exs. 9–11.

Chuck Adinolfi is Local 324's field director and a member of its grievance review committee. Adinolfi Decl. ¶¶ 7, 14. He is also empowered to make decisions regarding which union members' grievances to submit to arbitration. *Id.* ¶ 13. After obtaining this updated information about Mr. Erlichman's disciplinary history, Mr. Adinolfi met with Mr. Erlichman on May 11, 2010 and informed Mr. Erlichman that Local 324 would not process his grievance to arbitration. *Id.* ¶ 22. During this meeting, Mr. Adinolfi discussed the seven written warning notices and explained the reasons that Local 324 would not be pursuing arbitration. *Id.* ¶ 23.

Nevertheless, Mr. Adinolfi agreed to go beyond the requirements of union rules and the collective bargaining agreement and call Stater Bros. one more time on Mr. Erlichman's behalf. *Id.* ¶ 23. He called Stater Bros. on May 12, 2010 and spoke with Stater Bros.' human resources representative. *Id.* ¶ 24. Stater Bros.' human resources representative agreed to have one more meeting with Local 324 and Mr. Erlichman. *Id.* ¶ 26. This meeting was held on May 26, 2010. Sessions Decl. ¶ 12. Although Stater Bros. would not agree to reinstate Mr. Erlichman, it did agree to permit Mr. Erlichman to voluntarily quit rather than be discharged. *Id.* ¶ 13. On May 28, 2010, Mr. Erlichman signed a settlement agreement whereby Local 324 agreed to obtain a voluntary quit for Mr. Erlichman in exchange for his release of all claims against Local 324 and Stater Bros. *Id.* Ex. 18. The settlement agreement further acknowledged Mr. Erlichman's

1  agreement that Local 324 fully and fairly represented him in all aspects of his grievance

2  against Stater Bros.[2]  *Id.*

3

4        On November 24, 2010, Mr. Erlichman initiated the present action against Local

5  324 and Stater Bros.  In his Complaint, Mr. Erlichman alleges that Local 324 breached

6  the collective bargaining agreement and failed to provide him with fair representation.

7  Local 324 filed the pending motions for summary judgment and sanctions on April 1,

8  2011.

9

10  **ANALYSIS**

11

12        Summary judgment is proper if the evidence before the Court "show[s] that there is

13  no genuine issue as to any material fact and that the movant is entitled to judgment as a

14  matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317,

15  322 (1986).  A factual issue is "genuine" when there is sufficient evidence such that a

16  reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is

17  "material" when its resolution might affect the outcome of the suit under the governing

18  law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party bears

19  the initial burden of demonstrating either that there are no genuine material issues or that

20  the opposing party lacks sufficient evidence to carry its burden of persuasion at trial.

21  *Celotex Corp.*, 477 U.S. at 325; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,

22  809 F.2d 626, 630-31 (9th Cir. 1987).  Once this burden has been met, the party resisting

23  the motion "must set forth specific facts showing that there is a genuine issue for trial."

24  *Anderson*, 477 U.S. at 256.  In considering a motion for summary judgment, the court

25  must examine all the evidence in the light most favorable to the non moving party.

26  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The court does not make

27

28  [2] Although Mr. Erlichman challenges the validity of the settlement agreement, Local 324 has not moved
for summary judgment on the theory that the settlement agreement bars this suit.

credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

Local 324 is entitled to summary judgment with respect to both of Mr. Erlichman's claims against it. Mr. Erlichman's first claim, pursuant to the Labor Management Relations Act ("LMRA") § 301, is that Local 324's conduct breached the collective bargaining agreement. A union has a statutory duty to fairly represent its members in collective bargaining and enforcement of the collective bargaining agreement. *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372 (1990). Generally, a union like Local 324 owes to its members only the duty of fair representation, which "arises from the National Labor Relations Act itself." *Id.* at 373. Although labor unions are not "*prohibited* from voluntarily assuming additional duties to [their members] by contract," such duties are only imposed when the member can "point to language in the collective-bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees." *Id.* at 373, 374.

Here, Mr. Erlichman cannot point to specific language in the collective bargaining agreement between Local 324 and Stater Bros. supporting his claim. The provisions that Mr. Erlichman cites—including the requirements that Stater Bros. terminate employees only for good cause, submit to arbitration, and correct unlawful sanitary and safety conditions upon notice by Local 324—do not indicate that Local 324 assumed any additional contractual duties toward Mr. Erlichman. Nor do they "create[] rights directly enforceable by the individual employees against" Local 324. *Id.* at 374; *see also id.* at 375 ("[T]he agreement gives no indication that these obligations . . . may be enforced by an individual employee."). Accordingly, Mr. Erlichman's breach of collective bargaining agreement claim against Local 324 is deficient and fails as a matter of law.

Mr. Erlichman has also failed to meet his burden on this motion of providing evidence supporting his second claim that Local 324 failed to fairly represent him. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *see also Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 879 (9th Cir. 2007) (union's conduct arbitrary only when it lacks a rational basis or explanation); *id.* at 880 (plaintiff must show substantial evidence of fraud, deceitful action, or dishonest conduct to demonstrate union acted in bad faith). This is a high standard, and mere negligence does not suffice. *See Rawson*, 495 U.S. at 372–73, 376. A "'wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents.'" *Id.* at 374 (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)).

Mr. Erlichman has not presented evidence giving rise to a genuine issue of material fact regarding whether Local 324 acted in bad faith or in an arbitrary or discriminatory manner with respect to either choosing not to pursue his grievance in arbitration or failing to fully advise him of his rights when he signed the settlement agreement. Local 324 has presented significant evidence that it made a rational and informed decision not to arbitrate Mr. Erlichman's grievance. More specifically, Local 324 has provided evidence that union personnel who were unbiased and did not personally know Mr. Erlichman acted in good faith by: (1) processing and investigating Mr. Erlichman's grievance, (2) having an initial meeting with Stater Bros. concerning Mr. Erlichman's discharge, (3) discussing the grievance at a meeting of the union's grievance review committee, (4) gathering additional information about Mr. Erlichman's disciplinary record and history of customer complaints, (5) considering all of this information to decide that Mr. Erlichman's grievance should not be submitted to arbitration, (6) going beyond required duties and calling Stater Bros. to obtain one additional meeting to permit Mr. Erlichman to attempt to persuade Stater Bros. to reinstate him, and (7) helping Mr. Erlichman obtain

Case 8:10-cv-01803-CJC-RNB  Document 78  Filed 05/04/11  Page 8 of 9  Page ID #:3135

a voluntary quit by settlement agreement.  Even assuming that Mr. Erlichman is correct that his grievance against Stater Bros. was legitimate and that Local 324 erred in not taking it to arbitration, this evidentiary record forecloses the conclusion that Local 324's decision was irrational or motivated by discrimination or bad faith.  *See Peterson v. Kennedy*, 771 F.2d 1244, 1254 (9th Cir. 1985) ("We have never held that a union has acted in an arbitrary manner where the challenged conduct involved the union's judgment as to how best to handle a grievance.  To the contrary, we have held consistently that unions are not liable for good faith, non-discriminatory errors of judgment made in the processing of grievances.").[3]

Mr. Erlichman's claim that Local 324 failed to fairly represent him by not fully advising him of his legal rights when he signed the settlement agreement similarly fails.  As the record demonstrates, Mr. Erlichman had something to gain by accepting the settlement because it allowed him to obtain a voluntary quit in place of a discharge.  Although Mr. Erlichman has alleged that Local 324 representatives instructed him to sign the settlement without advising him of the legal ramifications and that he only "glanced at the document," Erlichman Decl. ¶ 12, he has not denied that he was competent and literate at the time he signed the agreement, and the agreement could not have been more clear.  It was a one page document that expressly and unambiguously provided that Mr. Erlichman understood he was waiving all claims against Local 324 and that Local 324 had fully and fairly represented him.  *See* Sessions Decl. Ex. 18.  Given the plain and clear wording of the settlement agreement and the complete absence of any evidence to

---

[3] Although Mr. Erlichman has contended that a continuance is warranted under Rule 56(d) to permit him to engage in discovery, the Court is unpersuaded that the discovery he would seek could legitimately give rise to a genuine issue of material fact relevant to his fair representation claim.  For example, Mr. Erlichman contends that he needs discovery as to the validity of the March 2010 customer complaints as well as Stater Bros.' "documents relative to any employee being disciplined, including terminated, for customer complaints."  Fiola Decl. ¶ 6.  While this discovery might be relevant to evaluating the prudence of Stater Bros.' decision to discharge Mr. Erlichman, it would provide little, if any, insight as to whether Local 324's response to Mr. Erlichman's grievance was arbitrary, discriminatory, or in bad faith.

show undue influence or fraud on the part of Local 324, Mr. Erlichman has fallen far short of meeting his burden to demonstrate Local 324 acted in bad faith and failed to fairly represent him.[4]

**CONCLUSION**

For the foregoing reasons, Local 324's motion for summary judgment is GRANTED. Local 324's motion for sanctions is, however, DENIED. The Court believes that Mr. Erlichman pursued this suit in good faith and not for the purpose of harassment. Although the Court ultimately found Mr. Erlichman failed to present sufficient evidence to defeat summary judgment on his claims against Local 324, his claims were not frivolous or alleged in bad faith.

DATED:     May 4, 2011

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[4] Additional discovery, such as deposing Local 324's representatives, would be fruitless and would not generate sufficient evidence to show that Local 324 acted arbitrarily or in bad faith with respect to its representation of Mr. Erlichman in connection with the settlement agreement.



1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10              **SOUTHERN DIVISION**

11

12   DARRIN ERLICHMAN,                    )   Case No.: SACV 10-01803-CJC(PJWx)
                                          )
13          Plaintiff,                    )
                                          )
14       vs.                              )
                                          )
15                                        )   **JUDGMENT**
     **STATER BROS. MARKETS, UNITED**     )
16   **FOOD & COMMERCIAL WORKERS**        )
     **UNION, LOCAL UNION 324,**          )
17                                        )
            Defendants.                   )
18                                        )
                                          )
19                                        )
                                          )
20                                        )

21

22       Plaintiff Darrin Erlichman shall take nothing by way of all claims raised in his

23   Complaint against Defendant United Food & Commercial Workers Union, Local Union

24   324 ("Local 324"). The claims against Local 324 are dismissed with prejudice and

25

26

27   //

28   //

judgment is entered in favor of Local 324.


DATED:    May 4, 2011

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

# JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| DARRIN ERLICHMAN, | Case No.: SACV 10-01803-CJC(PJWx) |
| Plaintiff, | |
| vs. | |
| STATER BROS. MARKETS, UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL UNION 324, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff Darrin Erlichman filed this suit against Defendants United Food & Commercial Workers Union, Local Number 324 ("Local 324") and Stater Bros. Markets ("Stater Bros.") alleging claims related to Stater Bros.' discharge of Mr. Erlichman. Stater Bros. now moves for summary judgment challenging Mr. Erlichman's claims against it for (1) breach of the collective bargaining agreement and (2) wrongful

termination.  For the reasons stated below, Stater Bros.' motion for summary judgment is GRANTED.[1]

## II. BACKGROUND

Mr. Erlichman began working at Stater Bros. on March 6, 2000 as a meat clerk. (Compl. ¶¶ 3, 17–18.)  He was later promoted to the position of meat cutter.  (*Id.*)  On March 30, 2010, Stater Bros. received two customer complaints concerning Mr. Erlichman's performance as an employee.  (*Id.* ¶ 20.)  The first complaint was a written complaint from a customer that asserted that Mr. Erlichman had caused cross-contamination of meat products when he was filling an order by allowing some pieces of turkey to fall into a barrel containing marinated chicken and that he did not promptly dispose of the products to address the contamination problem.  (Dkt. No. 16-12 [Adinolfi Decl. Ex. 11].)  In the second instance, a customer complained to Mr. Erlichman's manager that Mr. Erlichman had said that he was "too busy" to help the customer when the customer requested that he cut some sirloin steak to order.  (Compl. ¶ 20(b).)

On March 31, 2010, Mr. Erlichman was indefinitely suspended.  (Erlichman Decl. ¶ 9.)  He filed a grievance with Local 324 on the same day.  (*Id.*)  At a meeting held on April 6, 2010 attended by Mr. Erlichman, his union representative, and Stater Bros.' human resources representative, Stater Bros. informed Mr. Erlichman that it was terminating his employment.  (*Id.* ¶ 10.)  Mr. Erlichman's union representative called Mr. Erlichman on April 7, 2010 to confirm that he had been terminated.  (*Id.* ¶ 11.)  After his termination, Mr. Erlichman continued to challenge his termination through union channels.  (*Id.*)  Subsequently, Mr. Erlichman's union representative obtained six

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 2, 2012, at 1:30 p.m. is hereby vacated and off calendar.

1  additional written warning notices related to customer complaints that were signed by

2  Mr. Erlichman and dated between March 30, 2000 and July 23, 2008. (*Id.* ¶ 19; *Id.* Ex.

3  8.)  Mr. Erlichman did not challenge any of these prior written warning notices through

4  the grievance procedures.  (Dkt. No. 16.)

5

6        On May 26, 2010, after a meeting between Stater Bros. and Mr. Erlichman's union

7  representative, Stater Bros. agreed to permit Mr. Erlichman to voluntarily quit rather than

8  be discharged.  (Sessions Decl. ¶ 13.)  On May 28, 2010, Mr. Erlichman signed a

9  settlement agreement (the "Settlement Agreement") whereby Local 324 agreed to obtain

10 a voluntary quit for Mr. Erlichman in exchange for his release of all claims against State

11 Bros. and Local 324.  (*Id.* Ex. 18.)

12

13       On November 24, 2010, Mr. Erlichman initiated the present action against Stater

14 Bros. and Local 324.  On May 4, 2011, the Court granted Local 324's motion for

15 summary judgment on the grounds that there were no triable issues of fact.  On March 11,

16 2011, Stater Bros. moved to dismiss the case pursuant to Federal Rule of Civil Procedure

17 12(b)(6) arguing, *inter alia*, that the statute of limitations had expired for each of Mr.

18 Erlichman's claims against it.  On May 17, 2011, the Court denied Stater Bros.' motion

19 to dismiss finding that it was not apparent from the face of the Complaint whether Mr.

20 Erlichman's claims were time barred.  On February 16, 2012, Stater Bros. filed this

21 motion for summary judgment, contending that both of Mr. Erlichman's claims are

22 barred by the Settlement Agreement that he signed.  The Court agrees.

23

24 **III. ANALYSIS**

25

26       Summary judgment is proper if the evidence before the Court "show[s] that there is

27 no genuine issue as to any material fact and that the movant is entitled to judgment as a

28 matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating either that there are no genuine material issues or that the opposing party lacks sufficient evidence to carry its burden of persuasion at trial. *Celotex Corp.*, 477 U.S. at 325; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Once this burden has been met, the party resisting the motion "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

The Settlement Agreement between Mr. Erlichman, Stater Bros., and Local 324 entitles Stater Bros. to summary judgment with respect to both of Mr. Erlichman's claims. Mr. Erlichman's first claim, pursuant to the Labor Management Relations Act § 301, is that Stater Bros. conduct breached the collective bargaining agreement when it unlawfully discharged him. (Compl. ¶ 7.) Mr. Erlichman's second claim against Stater Bros. is based on the same allegedly unlawful discharge. (*Id.* ¶¶ 44–54.) The Settlement Agreement provides that the "Member", defined as Mr. Erlichman, will receive a "voluntary or self-quit" in exchange for:

> waiving and releasing the officers, agents, and employees of the UNION and the COMPANY [Stater Bros.] from any and all claims of any nature whatsoever to the date hereof which the undersigned ever had or now has, for whatever reason, against the UNION or the COMPANY *arising out of the MEMBER'S termination*, or in connection with the MEMBER'S

*termination*, or in connection with the MEMBER'S termination with his/her Employer.

(Brandt. Decl. Exh. 11.) (emphasis added).

In support of its motion for summary judgment, Stater Bros. asserts that the terms of the Settlement Agreement provide that in return for allowing Mr. Erlichman to represent to future employers that he voluntarily quit, Mr. Erlichman released Stater Bros. from any and all claims against it arising out of his termination. (Def. Mot., at 3.) Stater Bros. contends that as both Mr. Erlichman's causes of action arise out of his termination by Stater Bros, both fall within the scope of the waiver and release provision of the Settlement Agreement and are therefore barred.

In opposition to Stater Bros.' argument that the Settlement Agreement bars his claims, Mr. Erlichman asserts that "serious issues" exist over whether there was overreaching by Stater Bros. and whether he "voluntarily, knowingly, and intelligently" gave his consent to the Settlement Agreement. (Pl. Opp'n., at 8.) Mr. Erlichman asserts that no one from his union explained to him what he was signing and that "[h]e trusted Local 324 and just signed it without reading it." (*Id.*) According to Mr. Erlichman, no one informed him of the legal ramifications of signing such an agreement, or advised him to consult an attorney. (*Id.*) Mr. Erlichman also claims that the voluntary quit he received in exchange for the waiver and release of all claims does not constitute valuable consideration. (*Id.* at 11.) Importantly, Mr. Erlichman does not contest that the terms of the Settlement Agreement, if valid, bar his claims against Stater Bros.

Mr. Erlichman's opposition to the Settlement Agreement is a second attempt at an argument previously made in opposition to summary judgment as to Local 324. (See Dkt. No. 23.) Just as in that instance, the Court does not find this argument persuasive. As the Court previously noted, despite arguing "that he only 'glanced at the document,'" Mr. Erlichman "has not denied that he was competent and literate at the time he signed

1   the agreement, and the agreement could not have been more clear." (Dkt. No. 30.)   The

2   Settlement Agreement was a concise, one page document, that expressly and

3   unambiguously provided that Mr. Erlichman understood that he was waiving all claims

4   against Stater Bros.  Simply claiming now that he failed to read its contents, is

5   insufficient to overcome the legal consequences of the Settlement Agreement.  *See Morta*

6   *v. Korea Ins. Corp.*, 840 F.2d 1452, 1457 (9th Cir. 1988) (upholding a release despite the

7   plaintiff not having read the release and being mistaken as to its contents); *Casey v.*

8   *Proctor*, 59 Cal.2d 97, 105 (1963).

9

10       Mr. Erlichman asserts that in comparison to the complete release and waiver Stater

11   Bros. received in the Settlement Agreement, the voluntary quit is "de minimis" and is

12   therefore of "little or no consideration."  (Pl. Opp'n., at 11.)  But as Stater Bros. points

13   out, Mr. Erlichman's own deposition testimony acknowledges the significant value a

14   voluntary quit would have on his future employability.  (Brandt. Decl. Exh. 5 [Erlichman

15   Depo.] at 140:5 and 146:9–23 ("Q: So it was important to you to have it changed from a

16   termination to a self quit, right? A: Exactly.  Because no one will hire me if I have a

17   termination.").)  As the evidence submitted by Stater Bros. indicates, the difference

18   between presenting himself to a potential employer as having voluntarily quit, rather than

19   having to disclose that he was terminated for cause, had significant value to Mr.

20   Erlichman when he entered into the Settlement Agreement.

21

22       Mr. Erlichman has not presented any evidence to indicate that the Settlement

23   Agreement was entered into as a result of fraud, duress, or coercion.  While Mr.

24   Erclichman's opposition includes conclusory allegations of "overreaching" and

25   "connivance" by Stater Bros. and Local 324, he provides no evidence to substantiate the

26   "serious issues" he claims exist.

27

28

1    Mr. Erlichman entered into the Settlement Agreement with his eyes wide open and

2  received valuable consideration.  That Mr. Erlichman now regrets entering into such a

3  broadly worded settlement does not change this.  Mr. Erclichman has not presented any

4  evidence of fraud, undue influence, or bad faith to invalidate the terms of the Settlement

5  Agreement.[2]  Rather, Mr. Erlichman relies on conclusory and baseless accusations in an

6  attempt to undo a lawful agreement settling and compromising his claims.  The Court,

7  however, will not permit Mr. Erlichman to renege on his agreement.  A deal is a deal.

8

9  **IV.  CONCLUSION**

10

11    For the foregoing reasons, Stater Bros.' motion for summary judgment is

12  GRANTED.

13

14

15

16    DATED:    March 29, 2012

17    _____

18    CORMAC J. CARNEY

19    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26  _____

27  [2] Mr. Erlichman contends that Local 324 has a history of pushing grievances into "voluntary quit"
   settlement agreements rather than arbitrating them.  (Pl. Opp'n., at 9.)  As this argument forms the basis

28  of Mr. Erlichman's Motion for Relief from Summary Judgment In Favor of Local 324, the Court
   addresses it in its order on that motion.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DARRIN ERLICHMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>STATER BROTHERS MARKETS, and,<br>UNITED FOOD & COMMERCIAL<br>WORKERS, LOCAL UNION 324,<br><br>    Defendants. | Case No.: SACV 10-01803-CJC(PJWx)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RELIEF FROM<br>SUMMARY JUDGMENT IN FAVOR<br>OF UNITED FOOD & COMMERCIAL<br>WORKERS, LOCAL UNION 324 |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Darrin Erlichman has filed this motion for relief from summary judgment in favor of Defendant United Food & Commercial Workers Union, Local No. 324 ("Local 324"). Mr. Erlichman's complaint against Local 324, and co-defendant Stater Brothers Markets ("Stater Bros."), was for breach of the collective bargaining agreement, breach of the union's duty of fair representation, and wrongful termination. Mr.

Erlichman's claims stem from termination of his employment with Stater Bros on April
6, 2010.  After Mr. Erlichman filed his complaint, Local 324 moved for summary
judgment as to Mr. Erlichman's causes of action for breach of the collective bargaining
agreement and the duty of fair representation.  (*See* Dkt. No. 16.)  On May 4, 2011, the
Court agreed with Local 324 and granted summary judgment.  (Dkt. No. 30.)  Despite the
case continuing with co-defendant Stater Bros., Mr. Erlichman filed an appeal of the
Court's order with the Ninth Circuit.  (Dkt. No. 36.)  On September 13, 2011, the Ninth
Circuit dismissed Mr. Erlichman's appeal for lack of jurisdiction because "the district
court judgment challenged in this appeal did not dispose of the action as to all claims and
all parties."  (Dkt. No. 44.)  On February 16, 2012, citing the discovery of new evidence,
Mr. Erlichman filed this motion for relief from summary judgment in favor of Local 324
pursuant to Federal Rule of Civil Procedure 60(b).  For the reasons stated below, Mr.
Erlichman's motion is DENIED.[1]

## II.  ANALYSIS

As an initial matter, Mr. Erlichman's motion for relief from judgment based on
newly discovered evidence is procedurally improper.  He brings his motion under Rule
60(b).  The text of Rule 60(b) explicitly limits its application to final judgments, orders,
or proceedings.  Fed. R. Civ. P. 60(b).  But this case is still ongoing and no final
judgment has yet been entered.  Indeed, Stater Bros. motion for summary judgment is
currently pending before the Court.  Mr. Erlichman surely is aware of this fact.  The
Ninth Circuit previously dismissed Mr. Erlichman's appeal of this Court's order granting
Local 324's motion for summary judgment precisely because that order "did not dispose

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate
for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set
for April 2, 2012, at 1:30 p.m. is hereby vacated and off calendar.

of the action as to all claims and all parties."  In any event, with the case still pending before the Court, there is no final judgment here and Rule 60(b)(2) does not apply.[2]

As Local 324 points out, Mr. Erlichman's motion is more appropriately considered under Local Rule 7-18 which allows for the reconsideration of a decision on any motion. (Def. Opp'n., at 6.)  Specifically, Local Rule 7-18 provides that a motion for reconsideration may be made only on the grounds of "(a) a material difference in fact or law from that presented to the Court . . . that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of [the Court's previous] decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision."

Mr. Erlichman contends there are six bits of "newly discovered evidence" that should make this Court want to reconsider its decision:

(1)  "Local 324 and Stater Bros. Markets have admitted that good cause applied to bargaining unit employees subject to the CBA [collective bargaining agreement]." (Pl. Mot., at 3.)

(2)  "Local 324 has a history of pushing grievances into a 'voluntary quit' settlement agreements [sic] rather than arbitrating grievances in good faith." (*Id.* at 4.)

(3)  "Stater Bros. Markets utilized disciplinary procedures that circumvented the CBA's written warning requirements." (*Id.* at 5.)

---

[2] Were the Court to treat Mr. Erlichman's motion as one under Rule 59(e) to alter or amend a judgment, Mr. Erlichman's motion would be time barred as Rule 59(e) requires a motion to "be filed no later than 28 days after the entry of judgment."  Summary judgment was granted as to Local 324 on May 4, 2011, and this motion was not filed until February 16, 2012.

(4) "Local 324 failed to perform a ministerial duty of challenging Stater's use of the PPNs to discipline in contravention of issuance requirements under the CBA's Article 3, Section 2 Paragraphs 2 and 4." (*Id.* at 6.)

(5) "Local 324 was only able to find one written warning and never located any other warnings making those additional written warnings allegedly issued by Stater's [sic] invalid for failing to comply with notification requirements." (*Id.*)

(6) "Local 324 failed to challenge written warnings knowing that they were subject to an expiration period for consideration of future discipline." (*Id.* at 7.)

None of Mr. Erlichman's newly discovered evidence makes this Court want to reconsider its order granting summary judgment as to Local 324. Mr. Erlichman's new evidence is not material to his first claim against Local 324 for breach of the collective bargaining agreement. For such a cause of action to exist, the plaintiff must be "able to point to language in the collective-bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees." *United Steelworkers of America v. Rawson*, 495 U.S. 362, 374 (1990). In its May 4, 2011 order, the Court found "Mr. Erlichman cannot point to specific language in the collective bargaining agreement between Local 324 and Stater Bros. supporting his claim." (Dkt. No. 30.) Again, Mr. Erlichman presents no new evidence to establish a breach of any specific provision in the collective bargaining agreement.

Similarly, Mr. Erlichman's newly discovered evidence is not material to his second claim against Local 324 for breach of the union's duty of fair representation. To succeed on such a claim, the plaintiff must demonstrate that the union's decision not to arbitrate "lacks a rational basis" and "provide some evidence of the union's bad faith or discrimination." *Stevens v. Moore Business Forms, Inc.*, 18 F.3d 1443, 1447–48 (9th Cir. 1994). In granting summary judgment as to Local 324, the Court concluded "[e]ven assuming that Mr. Erlichman is correct that his grievance against Stater Bros. was

-4-

1   legitimate and that Local 324 erred in not taking it to arbitration, this evidentiary record

2   forecloses the conclusion that Local 324's decision was irrational or motivated by

3   discrimination or bad faith." (Dkt. No. 30.)  Mr. Erlichman's newly discovered evidence

4   does not demonstrate that Local 324 lacked a rational basis when it decided not to

5   arbitrate his claim, nor does it demonstrate that Local 324 acted in bad faith or with

6   discrimination.

7

8   **III.  CONCLUSION**

9

10          For the reasons stated above, Mr. Erlichman's motion for relief from summary

11  judgment in favor of Local 324 is DENIED.

12

13

14

15  DATED:      March 29, 2012

16                                                    _____

17                                                    CORMAC J. CARNEY

18                                                    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28