FILED

**NOT FOR PUBLICATION**

JAN 28 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRIN ERLICHMAN, | No. 12-55797 |
| Plaintiff - Appellant, | D.C. No. 8:10-cv-01803-CJC-PJW |
| v. | |
| STATER BROS. MARKETS; UNITED FOOD AND COMMERCIAL WORKERS LOCAL UNION 324, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted January 10, 2014
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

Plaintiff-Appellant Darrin Erlichman appeals from the district court's orders:

(1) denying his motion for additional discovery under Rule 56(d); (2) granting

summary judgment in favor of Defendant-Appellee United Food and Commercial

Workers Local Union 324 (Local 324); and (3) granting summary judgment in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

favor of Defendant-Appellee Stater Bros. Markets (Stater).  Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal.  We affirm.

After Local 324 moved for summary judgment, Erlichman opposed the motion, claiming that under Rule 56(d) the district court should have permitted discovery to continue.  The discovery that Erlichman sought was not relevant to the court's resolution of Local 324's summary judgment motion, and Erlichman has not demonstrated "how allowing [the] discovery would have precluded summary judgment." *Byrd v. Guess*, 137 F.3d 1126, 1135 (9th Cir. 1998) (internal quotation marks and citations omitted).  Accordingly, the district court did not abuse its discretion in denying Erlichman's motion.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

The district court properly granted summary judgment in favor of Local 324 and properly denied Erlichman's motion for relief from summary judgment.  As to Erlichman's claim that Local 324 breached its duty of fair representation, Erlichman failed to proffer evidence that Local 324's conduct was "arbitrary, discriminatory, or in bad faith." *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372 (1990).  And Local 324 proffered evidence conclusively establishing that the union acted within its discretion in determining how best to handle Erlichman's

grievance. *See Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153–54 (9th Cir. 2002); *see also Marino v. Writers Guild of Am., E., Inc.*, 992 F.2d 1480, 1486 (9th Cir. 1993). Erlichman's claim that Local 324 breached the terms of the collective bargaining agreement fails as a matter of law, because Erlichman has not "point[ed] to language in the collective bargaining agreement specifically indicating an intent to create obligations enforceable against the union by [] individual employees." *United Steelworkers*, 495 U.S. at 374.

The district court properly granted summary judgment in favor of Stater, because the parties' Settlement Agreement bars all claims against Stater. While Erlichman argues that the agreement should be set aside because Local 324 breached a "fiduciary duty of loyalty" in executing the agreement, the collective bargaining agreement does not create any such duty, and common law breach of fiduciary duty claims are preempted by Section 301 of the Labor Management Relations Act. *Id*. at 368–75; *see also Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1112–13 (9th Cir. 1999).

**AFFIRMED.**